

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN G. SCHULTZ and MARY KELLY, on their own behalf and on behalf of a class of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVIALL, INC. LONG TERM DISABILITY PLAN and PERKINS COIE LONG TERM DISABILITY PLAN, on their own behalf and on behalf of a defendant class of certain ERISA plans insured by Prudential Insurance Company of America,<br><br>Defendants. | No. 09 C 2387<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Kathleen G. Schultz and Mary Kelly (collectively, "Plaintiffs") bring this putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against the Aviall, Inc. Long Term Disability Plan ("Aviall Plan") and the Perkins Coie Long Term Disability Plan ("Perkins Coie Plan") (collectively, "Defendants") to recover long-term disability payments that were allegedly wrongfully withheld. (R. 49-2, Third Am. Compl.) Presently before the Court is Plaintiffs' motion to alter or amend the judgment brought pursuant to Federal Rule of Civil Procedure 59(e). (R. 71, Pls.' Mot.) For the reasons stated below, the motion is denied.

### DISCUSSION

On April 4, 2011, the Court granted Defendants' motion to dismiss. (R. 68, Mem. Op.)

After considering the statutory basis for dependent Social Security benefits and the relevant contractual language, the Court concluded that the payments Plaintiffs believed were wrongfully withheld by Defendants were indeed legally acceptable deductions. As such, the Court dismissed Plaintiffs' suit challenging the legality of these deductions. On April 22, 2011, Plaintiffs filed a motion to alter or amend the judgment pursuant to Rule 59(e) in which they ask the Court to vacate its April 4, 2011 ruling. (R. 71, Pls.' Mot.) Unfortunately for Plaintiffs, nothing they have presented in their motion provides a basis for altering the Court's prior decision.

A motion to alter or amend a judgment pursuant to Rule 59(e) "is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). To succeed on a Rule 59(e) motion, the movant must "clearly establish" one of the aforementioned grounds for relief. *Id.* When the basis for relief is a manifest error of law, the movant must bring to the court's attention the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiffs appear to make two main arguments in their motion. They begin by arguing that because the Court "misperceived" the "underpinning" of *Carstens v. United States Shoe Corp. Long-Term Disability Plan*, 520 F. Supp. 2d 1165 (N.D. Cal. 2007), "undue weight was given to the presence of language in Defendants' plans/policies explicitly mentioning dependent benefits." (R. 71, Pls.' Mot. ¶ 5.) As with their response to Defendants' motion to dismiss, Plaintiffs place a great deal of emphasis on the *Carstens* decision, and, in doing so, suggest that

*Carstens* requires the denial of Defendants' motion to dismiss. This reliance on *Carstens*, the Court concludes, is misplaced for two reasons.

First, *Carstens* is a district court decision, and thus does not mandate a particular result in this case. Unlike the holdings of Supreme Court or Seventh Circuit decisions, the holdings of district court cases are not binding on the Court. As the Seventh Circuit has noted, "district judges in this circuit must not treat decisions *by other district judges*, in this and *a fortiori* in other circuits, as controlling, unless of course the doctrine of res judicata or of collateral estoppel applies." *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir. 1987). To the extent they do have influence, the decisions of district courts are normally "entitled to no more weight than their intrinsic persuasiveness merits." *Id.*; *see RLJCS Enters., Inc. v. Prof'l Benefit Trust Multiple Emp'r Welfare Benefit Plan and Trust*, 487 F.3d 494, 499 (7th Cir. 2007) (noting that the "decisions of district judges have no authoritative effect"). When a district court decision contains persuasive observations, it is typically good practice for advocates to not engage in a lengthy discussion of what a court said, but rather "weave its wisdom into their own presentations." *RLJCS*, 487 F.3d at 499. In relying on district court decisions, however, advocates should avoid the "regrettable tendency of some lawyers to substitute citations for analysis." *Harzewski v. Guidant Corp.*, 489 F.3d 799, 806 (7th Cir. 2007).

In this case, amending the Court's judgment based on *Carstens* is unnecessary. When the basis for seeking relief under Rule 59(e) is a manifest error of law, the movant must bring to the court's attention the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *See Oto*, 224 F.3d at 606. Because *Carstens* is not controlling, it cannot be the basis for relief under Rule 59(e). In their motion, Plaintiffs point to no other controlling authorities

3

which suggest that the Court erred in granting Defendants' motion to dismiss.

Second, *Carstens* does not require a reconsideration of the Court's previous decision because it is unpersuasive. Although a district court decision can potentially have a strong influence on future analogous cases, such an influence is contingent upon its intrinsic persuasiveness. *Colby*, 811 F.2d at 1124. As the Court unequivocally noted in its April 4, 2011 opinion, the reasoning in *Carstens* is analytically unclear and, thus, unhelpful in understanding the legal issues presented by this case. Even if the contract language in *Carstens* is similar to the language in the Aviall and Perkins Coie Plans, the reasoning provided by the district court in *Carstens* in finding that dependent Social Security benefits were not deductible from LTD benefits is unpersuasive.

Along with their first argument, Plaintiffs also suggest that the Court "gave undue weight to language in the Defendants' LTD policies permitting the deduction of dependant benefits." (R. 71, Pls.' Mot. ¶ 8.) In a case involving the interpretation of a contract, it is odd to suggest that "undue weight" was given to the contract language. It is clear that "the interpretation of ERISA plans is governed by federal common law, which draws on general principles of contract interpretation to the extent they are consistent with ERISA." *Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808, 823 (7th Cir. 2010) (citing *Mathews v. Sears Pension Plan*, 144 F.3d 461, 465 (7th Cir. 1998)). When dealing with these principles, it is well-established that a court must begin with the language of the contract itself. *See, e.g., Emergency Med. Care, Inc. v. Marion Mem'l Hosp.*, 94 F.3d 1059, 1060-61 (7th Cir. 1996). If the language of the contract is unambiguous, a court's analysis also ends with the contract language. *Id.* Plaintiffs' suggestion that the Court place less weight on the contract language and more weight on *Carstens*, (R. 71,

4

Pls.' Mem. ¶ 6), is detached from the proper approach to contract interpretation, and therefore unpersuasive. Accordingly, it fails to convince the Court that a manifest error of law was made in granting Defendants' motion to dismiss.

In their reply brief, Plaintiffs suggest that the relevant language in the contracts is ambiguous. (R. 74, Pls.' Reply at 3.) Although Plaintiffs also raised this assertion in their response to Defendants' motion to dismiss, they have failed to provide any explanation as to why this language is ambiguous. Something more than the mere conclusory assertion that language is ambiguous is needed to create ambiguity in the meaning of a contract. *See Emergency Med. Care*, 94 F.3d at 1061 ("[T]he fact that the parties disagree over the precise meaning of a contractual provision does not render the contract ambiguous."). Given its undeveloped nature, this argument has been waived. *See United States v. Useni*, 516 U.S. 634, 657 (7th Cir. 2008) ("We have repeatedly warned that perfunctory and undeveloped arguments . . . are waived[.]"). It thus fails to provide a basis for reconsidering the Court's order granting Defendants' motion to dismiss.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to alter or amend the judgment (R. 71) is DENIED.

Entered: /s/ Ruben Castillo

Judge Ruben Castillo
United States District Court

Dated: August 2, 2011